IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. 69,367-02




EX PARTE GERARDO BAZALDUA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 97-662-C IN THE 54TH DISTRICT COURT
FROM MCLENNAN COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to eight years’ imprisonment. 
            Applicant contends that he is being denied credit awarded by the trial court for time spent
in jail prior to sentencing. Applicant has alleged facts that, if true, might entitle him to relief. Ex
parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit listing Applicant’s sentence begin date and the amount of time credited
on Applicant’s sentence. The affidavit should also indicate whether or not Applicant has submitted
his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was
submitted.
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). In
addition, the trial court shall make findings of fact as to whether Applicant has received the proper
amount of time credit on his sentence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: August 25, 2010
Do not publish